# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

NV PHARAOH,

    Plaintiff,

vs.                                                      Case No. 3:25-cv-1145-MMH-LLL

TG UTILITIES, INC.,

    Defendant.

_____

# **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff, proceeding pro se, initiated the instant action by filing a four-count Complaint (Doc. 4) in state court. On September 25, 2025, Defendant removed the action to this Court. See Defendant's Notice of Removal (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. Relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or

occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, in Counts I and II, Plaintiff appears to combine multiple causes of action into one count. See Complaint at 2. Specifically, Plaintiff alleges that Defendant created a "racially hostile work environment," treated him different than other employees, wrongfully terminated his employment, and failed to accommodate his disability. Id. at 1–2. However, "if plaintiff is alleging hostile work environment, disparate treatment, wrongful termination," or failure to accommodate, "each of those distinct legal claims or legal theories requires a separate count[.]" See Williams v. Perry Slingsby Sys. Inc. Technip Grp., No. 08-81076, 2008 WL 11333634, at *2 (S.D. Fla. Oct. 15, 2008). Because in the Complaint Plaintiff does not separate these causes of action into different counts the Complaint is an improper shotgun pleading. See Weiland, 792 F.3d at 1322–23 n.13. As such, Plaintiff is directed to file a corrected complaint separating each alleged cause of action into a separate count.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Complaint (Doc. 4) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **October 30, 2025**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

4. Defendant's Motion to Dismiss (Doc. 9) is **DENIED without prejudice as moot**.

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of October, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Pro Se Party
Counsel of Record

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1).